UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RHYIAN SZPILA, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-2304 |
| | ) | |
| JUDGE ELLIOTT, et. al., | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated by Judge Elliott, States Attorney Jim Rowe, Public Defender Benjamin Lawson, and the Kankakee County Courthouse. Plaintiff describes various problems in a pending state court criminal case. Plaintiff does not believe his public defender has not an adequate job, but he claims the Defendant Judge has told Plaintiff he cannot have a new public defender. Plaintiff also does not believe the Judge properly read through Plaintiff's motion regarding his current attorney.

Plaintiff says he has mental health issues, but he was still found fit to stand trial after an examination. In addition, Plaintiff says he saw the States Attorney reading charges and laughing which he believes is unprofessional. Plaintiff also believes the alleged victim in his case was lying and inappropriate charges were filed.

Plaintiff wants damages for the Judge's failure to accept Plaintiff's motion concerning his current public defender and failure to appoint a new attorney, damages for the poor performance of his public defender, and damages for the states' attorney's conduct.

Plaintiff has failed to articulate a claim against any of the named Defendants. First, a judge is entitled to absolute immunity so long as her acts are within her jurisdiction and performed in her judicial capacity. *Stump v. Sparkman,* 435 U.S. 349, 356-7 (1978)( "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.")(internal quotation marks omitted); *see also Bertha v. Hain*, 787 Fed.Appx. 334, 338 (7th Cir. 2019). Defendant Judge Elliott's decisions concerning Plaintiff's motion and attorney representation are entitled to this protection.

Second, prosecutors such as the State's Attorney are also immune when carrying out prosecutorial functions. *Imbler v. Pachtman,* 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated" with the judicial process); *See also Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir.1986) (absolute immunity shields prosecutor "even if he initiates charges

2

maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence."). In addition, the fact that Plaintiff believes Defendant Rowe was laughing at him in court also does not rise to the level of a constitutional violation.

Third, while public defenders such as Defendant Lawson are not entitled to absolute immunity, a public defender does not act under color of state law when performing the traditional functions of counsel. *Polk County v. Dodson,* 454 U.S. 312, 317 n. 4 (1981). Section 1983 requires a plaintiff allege "(1) an action taken under color of law (2) which violates his federal constitutional rights." *Cunningham v. Southlake Ctr fo Mental Health, Inc,* 924 F.2d 106, 107 (7th Cir.1991). Therefore, Plaintiff cannot proceed with his claim against this Defendant.

Finally, Plaintiff cannot sue the Kankakee County Courthouse because it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020).

Plaintiff's case is therefore dismissed in its entirety and Plaintiff will not be given leave to amend because he cannot cure the stated deficiencies.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be responsible for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 7th day of April, 2022

                                            s/James E. Shadid
                              _____
                                            JAMES E. SHADID
                              UNITED STATES DISTRICT JUDGE